# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| ESET, LLC, | | |
| | Plaintiff, | Case No. |
| v. | | |
| LODSYS, LLC, | | |
| | Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT
## (JURY TRIAL DEMANDED)

Plaintiff ESET, LLC ("ESET") hereby alleges for its Complaint for Declaratory Judgment against Defendant Lodsys, LLC ("Defendant") as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment that ESET does not infringe any valid claim of United States Patent Nos. 5,999,908 ("the '908 patent"), 7,133,834 ("the '834 patent"), 7,222,078 ("the '078 patent") or 7,620,565 ("the '565 patent") (collectively, the "Asserted Patents"), and for a declaratory judgment that the claims of each of the Asserted patent are invalid.

2. A true and correct copy of the '908 patent is attached hereto as Exhibit A.

3. A true and correct copy of the '834 patent is attached hereto as Exhibit B.

4. A true and correct copy of the '078 patent is attached hereto as Exhibit C.

5. A true and correct copy of the '565 patent is attached hereto as Exhibit D.

## THE PARTIES

6. Plaintiff ESET is a California Limited Liability Corporation having a place of business at 610 W Ash Street, Suite 1900, San Diego, California 92101.

7. On information and belief, Lodsys is a Texas limited liability company and claims to have a place of business at 505 East Travis Street, Suite 207, Marshall, Texas 75670. The Texas Secretary of State lists the corporate address of Lodsys LLC as 800 Brazos, Suite 400, Austin, Texas 78701.

8. On information and belief, Mark Small is the Chief Executive Officer of Lodsys, LLC, is Lodsys's sole employee, and conducts that company's business from an office located in Oconomowoc, Wisconsin, within this judicial district.

## JURISDICTION AND VENUE

9. This action arises under the Patent Laws of the United States, Title 35, United States Code 35 U.S.C. § 1, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

10. This action is filed to resolve an actual and justiciable controversy between the parties hereto. Defendant's conduct towards ESET establishes that a real and substantial dispute exists between the parties regarding Defendant's allegations that ESET's products infringe the '908 patent, the '834 patent, the '078 patent and/or the '565 patent. This dispute is both definite and concrete and admits of specific relief through a decree of a conclusive character. As set forth in succeeding paragraphs herein, there is a conflict of asserted rights among the parties and an actual controversy exists between

ESET and the Defendant with respect to the infringement, validity and scope of the '908 patent, the '834 patent, the '078 patent and the '565 patent.

11.     Upon information and belief, this Court has personal jurisdiction over Lodsys because Mr. Small is located within, and conducts Lodsys's business, from his location within this judicial district, in connection with its conduct in wrongfully asserting the Asserted Patents against ESET.

12.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and/or 1400.

**ALLEGATIONS SUPPORTING DECLARATORY JUDGMENT JURISDICTION**

13.     ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-12.

14.     Through communications and conduct, Defendant has repeatedly threatened assertion of the '908 patent, the '834 patent, the '078 patent and/or the '565 patent against ESET's NOD32 Antivirus 4 product.

15.     On or about March 28, 2011, Defendant sent a letter to ESET alleging that ESET "is infringing at least claim 1 of US 7,620,565 and claim 1 of US 7,222,078 as it relates to your provision of notice of available product updates and assisting in the download and installation of those updates with respect to your ESET NOD32 Antivirus 4." The March 28, 2011 letter also offered a license to ESET under "the Lodsys Patents," which was defined as including the '908 patent, the '834 patent, the '078 patent and the '565 patent.   A copy of the March 28, 2011 letter is included as attached Exhibit E.

16.     On June 7, 2011, Defendant sent ESET an e-mail message enclosing an "Infringement Claim Chart" in which Defendant alleged that ESET's Smart Security 4

-3-

Case 2:11-cv-00650-AEG    Filed 07/06/11   Page 3 of 13   Document 1

product infringed claim 1 of the '078 patent. Defendant's message enclosing the claim chart stated that Defendant's goal was "resolving this issue with a minimum of expense and hassle for your client." A copy of the June 7, 2011 e-mail and "Infringement Claim Chart" are included in the attached Exhibit F.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-infringement of the '908 patent)**

17. ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-16.

18. Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, the Defendant contends that ESET's NOD32 Antivirus and Smart Security 4 products infringe one or more claims of the '908 patent.

19. Accordingly, an actual controversy exists between ESET and the Defendant as to whether or not ESET has infringed, or is infringing the '908 patent; has contributed to infringement, or is contributing to infringement of the '908 patent; and has induced infringement, or is inducing infringement of the '908 patent.

20. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the form of a judgment, that by its activities ESET has not infringed and is not infringing any valid and enforceable claim of the '908 patent; has not contributed to infringement and is not contributing to infringement of the '908 patent; and/or has not induced infringement and is not inducing infringement of the '908 patent. Such a determination and declaration is necessary and appropriate at this time.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Non-infringement of the '834 patent)

21. ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-20.

22. Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, the Defendant contends that ESET's NOD32 Antivirus and Smart Security 4 products infringe one or more claims of the '834 patent.

23. Accordingly, an actual controversy exists between ESET and the Defendant as to whether or not ESET has infringed, or is infringing the '834 patent; has contributed to infringement, or is contributing to infringement of the '834 patent; and has induced infringement, or is inducing infringement of the '834 patent.

24. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the form of a judgment, that by its activities ESET has not infringed and is not infringing any valid and enforceable claim of the '834 patent; has not contributed to infringement and is not contributing to infringement of the '834 patent; and/or has not induced infringement and is not inducing infringement of the '834 patent. Such a determination and declaration is necessary and appropriate at this time.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment of Non-infringement of the '078 patent)

25. ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-24.

26. Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, that the Defendant contends that ESET's NOD32 Antivirus and Smart Security 4 products infringe one or more claims of the '078 patent.

27. Accordingly, an actual controversy exists between ESET and the Defendant as to whether or not ESET has infringed, or is infringing the '078 patent; has contributed to infringement, or is contributing to infringement of the '078 patent; and has induced infringement, or is inducing infringement of the '078 patent.

28. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the form of a judgment, that by its activities ESET has not infringed and is not infringing any valid and enforceable claim of the '078 patent; has not contributed to infringement and is not contributing to infringement of the '078 patent; and/or has not induced infringement and is not inducing infringement of the '078 patent. Such a determination and declaration is necessary and appropriate at this time.

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-infringement of the '565 patent)**

29. ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-28.

30. Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, that the Defendant contends that ESET's NOD32 Antivirus and Smart Security 4 products infringe one or more claims of the '565 patent.

31. Accordingly, an actual controversy exists between ESET and the Defendant as to whether or not ESET has infringed, or is infringing the '565 patent; has contributed to infringement, or is contributing to infringement of the '565 patent; and has induced infringement, or is inducing infringement of the '565 patent.

32. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the form of a judgment, that by its activities ESET has not infringed and is not infringing any valid and enforceable claim of the '565 patent; has not contributed to infringement and is not contributing to infringement of the '565 patent; and has not induced infringement and is not inducing infringement of the '565 patent. Such a determination and declaration is necessary and appropriate at this time.

### FIFTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the '908 patent)**

33. ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-32.

34. Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, that the Defendant contends that ESET infringes one or more claims of the '908 patent.

35. ESET denies that it infringes any valid and enforceable claim of the '908 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and

claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

36. Accordingly, an actual controversy exists between ESET and the Defendant as to the validity of the '908 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the form of a judgment, that the '908 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## SIXTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the '834 patent)**

37. ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-36.

38. Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, that the Defendant contends that ESET infringes one or more claims of the '834 patent.

39. ESET denies that it infringes any valid and enforceable claim of the '834 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

40. Accordingly, an actual controversy exists between ESET and the Defendant as to the validity of the '834 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the

-8-

Case 2:11-cv-00650-AEG   Filed 07/06/11   Page 8 of 13   Document 1

form of a judgment, that the '834 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## SEVENTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the '078 patent)**

41. ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-40.

42. Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, that the Defendant contends that ESET infringes one or more claims of the '078 patent.

43. ESET denies that it infringes any valid and enforceable claim of the '078 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

44. Accordingly, an actual controversy exists between ESET and the Defendant as to the validity of the '078 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the form of a judgment, that the '078 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## EIGHTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '565 patent)

45. ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-44.

46. Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, that the Defendant contends that ESET infringes one or more claims of the '565 patent.

47. ESET denies that it infringes any valid and enforceable claim of the '565 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

48. Accordingly, an actual controversy exists between ESET and the Defendant as to the validity of the '565 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the form of a judgment, that the '565 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff ESET prays for a judgment as follows:

1. For a declaration that its products do not infringe any valid claim of the '908 patent;

2. For a declaration that assertions of infringement of the '908 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

3. For a declaration that the claims of the '908 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

4. For a declaration that its products do not infringe any valid claim of the '834 patent;

5. For a declaration that assertions of infringement of the '834 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

6. For a declaration that the claims of the '834 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

7. For a declaration that its products do not infringe any valid claim of the '078 patent;

8. For a declaration that assertions of infringement of the '078 patent cannot be maintained consistently with statutory conditions of patentability and the statutory

requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

9. For a declaration that the claims of the '078 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

10. For a declaration that its products do not infringe any valid claim of the '565 patent;

11. For a declaration that assertions of infringement of the '565 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

12. For a declaration that the claims of the '565 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

13. For a preliminary and permanent injunction enjoining and restraining Defendant and its respective officers, partners, employees, agents, parents, subsidiaries or anyone in privity with them, and all persons acting in concert with them and each of them:

    a. from making any claims to any person or entity that any product of ESET infringes the '908 patent, the '834 patent, the '078 patent and/or the '565 patent;

    b. from interfering with, or threatening to interfere with the manufacture, sale, or use of any ESET's products by ESET, its customers, distributors, predecessors, successors or assigns; and

    c. from instituting or prosecuting any lawsuit or proceeding, placing in issue the right of ESET, its customers, distributors, predecessors, successors or assigns,

to make, use or sell products which allegedly infringe the '908 patent, the '834 patent, the '078 patent and/or the '565 patent.

14. For an award to ESET of its reasonable attorneys' fees and costs of suit incurred herein; and

15. For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury of all issues so triable.

Dated: July 6, 2011

JONES DAY

By: */s/ Nicola A. Pisano*
      Nicola A. Pisano

Attorneys for Plaintiff
ESET, LLC

Nicola A. Pisano
napisano@jonesday.com
JONES DAY
12265 El Camino Real
Suite 200
San Diego, CA  92130
Telephone:    858.314.1200
Facsimile:     858.314.1150